HEIRS OF AMADOR TRÍAS SILVA, Appellants, *v.* REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 1120. Submitted May 26, 1943.—Decided June 14, 1943.

224

*Antonio J. Amadeo* for appellants.    The registrar appeared by brief.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

In an action for the nullity of a mortgage foreclosure proceeding and revendication brought in the District Court of Guayama by the estate of Amador Trías Silva, composed of his widow and children, against Porto Rican Leaf Tobacco Co. *et al.,* said court rendered an amended judgment on April 22, 1940, wherein it held that the three properties denominated A, B, and C, which are described in the judgment, belong and have always belonged to the plaintiffs.    The judgment expressly ordered the cancellation of certain records made in favor of other persons as to said properties; but it did not order that the title of the plaintiff be recorded in the registry of property.    The plaintiff estate presented a copy of the judgment in the Registry of Property of Guayama in order to have the properties in question recorded in its favor.

Besides a copy of the judgment, the interested party also presented a certified copy of the statement of the case and opinion on which said judgment was grounded and which was made a part thereof.

In the above-mentioned statement of the case and opinion, but not in the judgment itself, it was held that the plaintiffs were owners of said properties by inheritance from Amador Trías Silva, who died in Cayey, Puerto Rico, on September 22, 1900.

The registrar refused record of the judgment in favor of the plaintiffs because the copy thereof did not contain any provision or order directing its recordation in their favor, and also because the payment of the inheritance tax had not been established, even though the registrar admitted in his ruling, that the ancestor had died in 1900, when no inheritance tax law existed in Puerto Rico. The registrar further entered the curable defect that it had not been established that the judgment in question was final and that plaintiff Adela Dufrent, widow of the deceased, was his wife at the time that he acquired said property.

Section 2 of the Mortgage Law provides that "deeds conveying or declaring the ownership of real property or of property rights therein," among others, shall be recorded in the registries of property. And §3 provides that "In order to permit of the record of the instruments mentioned in the foregoing article, they must be embodied in a public instrument, final judgment, or authentic document, issued by a judicial authority, or by the Government or its agents, in the form prescribed in the regulations . . . "

Commenting on §3 of the Spanish Mortgage Law, identical to ours, Morell states in his treatise *Legislación Hipotecaria* the following:

"Final judgment is a public and solemn document which admits no appeal, ordinary or extraordinary, either because of its very nature, or because it has been accepted or consented to by the parties. It is a judgment which decides a legal controversy.

"The judgment is filed in the record, and it is equivalent to the original of a notarial deed; evidence which shows that the same is final is presented for recordation.

"They are recordable titles whenever real property is involved (Orders of November 18, 1872 and July 15, 1891); they are sufficient to cause cancellation (Order of February 8, 1877) and they should be final, for prior to their recordation it must be established that the parties have either expressly or impliedly given their consent (Order of February 27, 1875). Nevertheless, if the court considers the judgment final and orders its execution, the registrar may not discuss its nature, but must comply with the court order by either recording or cancelling it (Orders of February 16, 1883 and June 8, 1905).

"In order to record a judgment, a copy thereof issued by the clerk of the court must be presented in the registry, it not being sufficient that the same should appear from the deed, *but an order shall not be necessary, unless it is expressly required by law* (Order of November 1893).

"But judgments, whether referring to real property or to a declaration of legal incapacity, are not the only matters which as result of judicial action may be recorded or serve as a ground to make an entry in the registry. A record in a case or even orders or pronouncements are also recordable." Op. cit., vol. 1, pp. 577–8. (Italics ours.)

There is nothing in our statute which expressly requires a judicial order in order to record a judgment referring to real property. In order to record a judgment, therefore, it is sufficient to establish its existence by presenting a literal copy, authenticated by the clerk of the court which rendered it and certifying that the same is final in order to avoid the curable defects that it has not been shown that the judgment is final. The first ground of the registrar's note, therefore, lacks merit. We shall now pass to the second ground.

█ The rights to the succession of a person are transmitted from the moment of his death. Section 603 of the Civil Code. It was from the very moment of Amador Trías Silva's death in 1900 that the petitioners became the owners of the property in question. In other words, the judgment did not transmit to them any right which they did not have before; it simply declared that they had such a right since the ancestor's death. It is evident, therefore, that the in-

heritance tax is inapplicable to an inheritance which was transmitted prior to the approval of an act imposing such tax.

██ But the registrar is correct as to the curable defects which he entered for failure to establish that the judgment was final and that Adela Dufrent, widow of the deceased, was his wife at the time that he acquired said property. Perhaps we should make it clear that although in the Order of February 8, 1977, quoted in Morell's treatise, *supra,* it was held that a judgment could not be recorded if it was not final, such a statement should be considered under the light of the doctrine propounded by the Mortgage Law prevailing in Spain—and in our law until it was subsequently amended—to the effect that deeds with curable defects were not recordable; but in our Mortgage Law now in force, where the curable defects do not bar recordation, there is no doubt that a certificate from which it does not appear, expressly or impliedly, that the judgment is final, is recordable with the curable defect that such circumstance was not established.

The registrar is correct as to the curable defects noted and therefore the decision appealed from must be reversed in so far as it denies the record sought and the judgment is ordered to be recorded with the curable defects entered by the registrar.